## Trautwein v. Loeb et al.

*Benjamin R. Simons* and *Stradley, Ronon, Stevens & Denby*, for plaintiff. *Lowenstein & Winokur*, for defendants.

PARRY, J., October 27, 1933.—This is an action of libel based upon a letter said to have been circulated among persons with whom the plaintiff had business dealings. The statement of claim sets forth that the plaintiff brings this suit against Loeb, Weaver, and Pennock, individually and trading as Philadelphia Live Stock Company, and avers that the defendants unlawfully, maliciously, and without reasonable cause sent a certain letter to one Reilly, which said letter was circulated among all the persons with whom the plaintiff had business dealings; and that the letter contained libelous matter and its publication caused the plaintiff serious losses in his business, as well as great humiliation. To this declaration the defendants filed a plea in abatement, denying that they traded as Philadelphia Live Stock Company and setting forth that Loeb had the sole interest therein and was registered as sole owner in the fictitious names index in the prothonotary's office in Philadelphia County. The plea concluded to the country, and after a similiter had been filed the parties agreed that the issues raised should be decided by me sitting without a jury.

I should take the plea to be in abatement for a misnomer, but the replication appears to treat it as raising the question of misjoinder of parties defendant,

and from the statements made to me by counsel I take it that it was intended to do so. It is doubtful if at common law misjoinder of defendants in an action ex delicto could be pleaded in abatement. The proper procedure appears to have been by demurrer or plea of not guilty by those improperly joined, according to the circumstances.

I can treat the plea as for a misnomer, but to dispose of the matter in accordance with the rules of special pleading will hardly satisfy the parties without some discussion on the merits, for what both the plaintiff and the defendants really want determined is whether the defendants are associated together in a partnership, and it is to this disputed question, not raised by the pleadings at all, that the depositions are addressed.

The only finding that will sustain the plaintiff's action against all the defendants is a finding that they were in fact partners. The plaintiff's theory that all the defendants are liable to him because of a holding out or representation to the public that they were partners is an erroneous application of the doctrine of estoppel in pais. Essential to agency by estoppel, for such is the real nature of partnership by estoppel, are (1) a representation by the principal, (2) a reliance upon such representation by a third person, and (3) a change of position by such third person in reliance upon such representation. When these elements are present the principal is estopped to deny that the one held out is his agent, and the liability consequent to an actual agency relation follows.

Now, although it is nowhere set forth in the pleadings and in fact is contradicted by the averments of the statement of claim, it is argued for the plaintiff that Loeb should be held liable for the acts of Weaver because he is estopped to deny that Weaver is his partner. This appears to me to be absurd. I cannot find nor have I been referred to any case where such a theory has been applied to hold the principal liable in an action of tort. It is obviously a doctrine that arises to protect one who contracts with an ostensible agent, extends credit, or enters into other business relationships, relying upon the representations of the principal. In an action for libel, it is impossible for the plaintiff to contend that he has changed his position in reliance upon any representations. Consequently, I disregard as immaterial all testimony offered to show any holding out or representation that the three defendants were partners, and consider only whether there is any testimony to show that the actual legal relation between the three was a partnership. The plaintiff offered in evidence billheads on which the names of Loeb, Weaver, and Pennock were printed in a line across the top and Philadelphia Live Stock Company printed in the middle of the sheet below the three names. I am not concerned with this as a holding out or representation that the three were partners, and it has little if any value as evidence of the legal existence of a partnership. It is quite customary for individuals who are not partners to group their names on a letter or billhead merely to show the personnel of an office, and there is nothing before me to exclude the notion that such was the case here. Two of the plaintiff's witnesses said they had heard Weaver and Pennock refer to the others as partners, but I cannot think a partnership by hearsay a form of association of which the plaintiff can make avail.

On behalf of the defendants, Pennock and Weaver testified that they received salaries and 20 percent of the profits when there were any; and that they had no control or part in the management of the business but acted merely as salesmen. There was no evidence that they ever shared losses or were expected to do so. The 20 percent appears to have been merely a measure by which the balance of their salaries was determined. The only evidence that I can find which tends at all to show a partnership is that of profit-sharing, and this long ago ceased to be conclusive on the question of the existence of a partnership.

It is agreed that Michael Loeb is registered as trading as Philadelphia Live Stock Company, and I see nothing at all in the case to indicate that he is not in fact the sole owner of the business.

I therefore conclude that there is no evidence that would justify me in finding that the three defendants are partners, and since this is so it is clear that they cannot be held liable as partners for a libel uttered by one of them. This being so, I return to the plea of misnomer. I determine the issue raised thereby in favor of the defendants and quash the writ.